FILED
United States Court of Appeals
Tenth Circuit

**December 1, 2009**

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

   v.

DANIEL JOHN REEDY, a/k/a Little
D, Justin Leon Dahlquist, a/k/a Daniel
Justin Reedy, a/k/a Michael Barnes,

      Defendant - Appellant.

No. 09-4026
(D. Ct. No. 1:08-CR-00015-CW-1)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

---

After examining the briefs and the appellate record, this three-judge panel has

determined unanimously that oral argument would not be of material assistance in the

determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The

case is therefore ordered submitted without oral argument.

Defendant-appellant Daniel John Reedy pleaded guilty to one count of bank fraud

in violation of 18 U.S.C. § 1344 and one count of aggravated identity theft in violation of

18 U.S.C. § 1028A. He was sentenced to 36 months' imprisonment. His attorney filed a

---

[*]This order and judgment is not binding precedent except under the doctrines of
law of the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

timely notice of appeal, followed by a brief and motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967).  After reviewing the record, we agree that there are no meritorious issues to raise on appeal.  Accordingly, we GRANT the motion to withdraw and DISMISS Mr. Reedy's appeal.

## I.  BACKGROUND

On February 2, 2007, Utah state and federal officers executed a search warrant on Mr. Reedy's home.  They found stolen checks, driver's licenses, retail store receipts, computer equipment, and shredded checks.  Mr. Reedy, who was on parole at the time, was subsequently incarcerated by the state of Utah for violating the conditions of his parole.  While in state custody, he was charged in a federal multiple count indictment for, among other offenses, bank fraud and aggravated identity theft.  He remained incarcerated in Utah state prison until his term of imprisonment expired on May 13, 2008.

On November 5, 2008, Mr. Reedy pleaded guilty pursuant to a plea agreement to the federal bank fraud and aggravated identity theft offenses.  The presentence report ("PSR") determined that his total adjusted offense level for the bank fraud conviction was five,[1] and that he had a criminal history category of VI.  (PSR at 8, 14).  This resulted in an advisory range under the United States Sentencing Guidelines Manual ("U.S.S.G." or "Guidelines") of 9–15 months' imprisonment.  Mr. Reedy was also subject to a mandatory two-year sentence for the identity theft offense that was required to run

---

[1] The PSR calculated Mr. Reedy's base offense level as seven, *see* U.S.S.G. § 2B1.1(a), and then subtracted two levels for acceptance of responsibility, *see id.* § 3E1.1(a).

consecutively to the sentence for the bank fraud conviction.  *See* 18 U.S.C. § 1028A(a)(1), (b).

At sentencing, Mr. Reedy argued that under U.S.S.G. § 5G1.3, his federal sentence should run concurrently to his prior state term of imprisonment for the parole violation. The district court disagreed and sentenced him to twelve months on the bank fraud conviction followed by two years on the identity theft conviction.

## II.  DISCUSSION

*Anders* authorizes counsel to request permission to withdraw where she has thoroughly examined the case and has determined that any appeal would be wholly frivolous.  *Anders*, 386 U.S. at 744.  A request to withdraw must be accompanied by a brief to both the defendant and the appellate court indicating any potential appealable issues.  *Id.*  The defendant must then have the opportunity to raise any points he chooses. *Id.*  "[T]he court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous.  If it so finds it may grant counsel's request to withdraw and dismiss the appeal."  *Id.*

In this case, the only possible bases for an appeal are the validity of Mr. Reedy's plea and the length of his sentence.  On the first point, there is nothing in the record suggesting that Mr. Reedy did not plead knowingly, intelligently, and voluntarily.  *See United States v. Gigot*, 147 F.3d 1193, 1197 (10th Cir. 1998).  The plea comported with Rule 11, and we are given no reason to conclude that the plea was in any way invalid.

Nor do we find merit to any challenge to Mr. Reedy's sentence.  The district court

- 3 -

correctly determined the applicable Guidelines range and sentenced Mr. Reedy within that range. Thus, his sentence is entitled to a rebuttable presumption of reasonableness, *see United States v. Kristl*, 437 F.3d 1050, 1054 (10th Cir. 2006), which we do not find unreasonable in light of the sentencing factors set forth under 18 U.S.C. § 3553(a). *See id.* at 1055.

Moreover, the district court correctly refused to sentence Mr. Reedy "concurrently" to his prior state sentence. Under U.S.S.G. § 5G1.3,[2] a district court may sentence a defendant to a term of imprisonment that runs concurrently to any undischarged term of imprisonment to which the defendant is also subject. Mr. Reedy, however, had already completed his state sentence for the parole violation at the time of his federal sentencing proceeding; thus, there was no undischarged term to which the federal sentence could have run concurrently.

Section 5G1.3 also does not provide for a downward departure in this case. Application note 4, which applies when the defendant has completed a prior term of imprisonment, instructs that:

> In the case of a discharged term of imprisonment, a downward departure is not prohibited if the defendant (A) has completed serving a term of imprisonment; and (B) subsection (b) would have provided an adjustment had that completed term of imprisonment been undischarged at the time of

---

[2]The 2008 Guidelines apply to Mr. Reedy's sentence, since that version was in effect at the time his sentence was imposed. *See United States v. Sullivan*, 255 F.3d 1256, 1259 (10th Cir. 2001). In her Position With Respect to Sentencing Factors and at Mr. Reedy's sentencing, however, counsel for Mr. Reedy relied on an older version of the Guidelines. Because the 2008 version is the applicable one, all quotations and references to § 5G1.3 are to the 2008 version.

sentencing for the instant offense. See § 5K2.23 (Discharged Terms of Imprisonment).

U.S.S.G. § 5G1.3 cmt. n.4.

Subsection (b), in turn, provides for concurrent sentences when the prior sentence resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of § 1B1.3 (Relevant Conduct) and that was the basis for an increase in the offense level for the instant offense under Chapter Two (Offense Conduct) or Chapter Three (Adjustments).

*Id.* § 5G1.3(b).

Mr. Reedy's state imprisonment was the result of his parole violation. The parole violation was not considered relevant conduct by the district court and was not used to increase Mr. Reedy's offense level for either federal conviction. The parole violation was considered under § 4A1.1(d) in determining Mr. Reedy's criminal history score (PSR at ¶ 50), but this is irrelevant as § 5G1.3 refers to an increase in the offense level under Chapters Two and Three of the Guidelines. Accordingly, subsection (b) is inapplicable here, and a downward departure is not authorized under § 5G1.3.

### III. CONCLUSION

Upon a full examination of the record as required by *Anders*, we find no nonfrivolous basis for Mr. Reedy to challenge his conviction or sentence. Accordingly,

we GRANT counsel's motion to withdraw and DISMISS this appeal.

ENTERED FOR THE COURT,

Deanell Reece Tacha
Circuit Judge